UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH R. REISINGER, | : |
| | : 3:20-CV-0126 |
| Plaintiff, | : |
| | : (JUDGE MARIANI) |
| v. | : (Magistrate Judge Carlson) |
| | : |
| JUDGE THOMAS G. SAYLOR, ET AL., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

On January 17, 2020, Plaintiff Joseph R. Reisinger ("Reisinger") filed a Complaint Requesting the Reinstatement of the Plaintiff's Law License (Doc. 1). On January 28, 2020 Magistrate Judge Carlson issued a Report and Recommendation ("R&R") (Doc. 3) recommending that Reisinger's Complaint be dismissed. Reisinger filed Objections to the R&R (Doc. 7) on March 3, 2020.[1] Upon review of Magistrate Judge Carlson's R&R, Reisinger's objections thereto, and all relevant filings, the Court will overrule the Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate

---

[1] As further discussed below, the Court notes that Reisinger's objections were filed past the February 25, 2020 deadline for filing. (*See* Doc. 6).

Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). The *de novo* standard applies only to objections which are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id*. at 100 (internal citations and quotation marks omitted). The Court of Appeals for the Third Circuit has described the appropriate level of review as "'reasoned consideration.'" *Id*. (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Here, Plaintiff objects to the Magistrate Judge's R&R by realleging one of his original grounds for relief. (*Compare* Doc. 1 *with* Doc. 7). Specifically, Plaintiff alleges that his disbarment by the Pennsylvania Supreme Court should be set aside and his law license restored on the basis that, *inter alia*, the Pennsylvania Supreme Court did not stay his

disbarment proceedings despite his alleged incapacity during the proceedings. (Doc. 7 at ¶¶ 7-10). Because the objections were filed past the Court's deadline (*see* Doc. 6), and reallege, generally and without any supporting case law, that Reisinger's incapacity should have caused the Pennsylvania Supreme Court to stay his proceedings, the Court will conduct "reasoned consideration" review. *See Gyetvai v. Moran*, 2019 WL 474050, at *1-2 (M.D. Pa. 2019) (applying reasoned consideration review to R&R and general objections thereto).

Upon this reasoned consideration, for the reasons set forth by Magistrate Judge Carlson, Reisinger's objections fail. Pursuant to the *Rooker-Feldman* doctrine, district courts lack the jurisdiction "'to review final judgments of a state court in judicial proceedings.'" *Stern v. Nix*, 840 F.2d 208, 211 (3d Cir. 1988) (quoting *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); (*see also* Doc. 3 at 6-9 (finding that Reisinger's claims fail under the *Rooker-Feldman* doctrine)). As explained by the *Stern* Court, notably in the context of disbarment proceedings, a judicial proceeding is one which requires adjudication by a state court, while a non-judicial proceeding is one that does not require adjudication by a state court such as the promulgation of a court rule. *Id.* at 211. The *Stern* Court thus held that under the *Rooker-Feldman* doctrine, while the district court "'may simply be asked to assess the validity of a rule promulgated in a nonjudicial proceeding,'" it may not entertain "'challenges to state-court decisions in *particular* cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Id.* (emphasis in original) (quoting *Feldman*, 460 U.S. at 486).

Here, as explained by Magistrate Judge Carlson, Reisinger is only challenging the decision of the Pennsylvania Supreme Court to disbar him. (*See* Doc. 3 at 6, 8). He is not challenging the validity of any state court rule or its constitutionality, and even if he was, he is only doing so incident to challenging the judicial proceeding against him. (*See* Doc. 3 at 8-9). According to the *Rooker-Feldman* doctrine, the Court cannot review the state court's ruling and the complaint must be dismissed. Further, to the extent the state court proceeding against him is ongoing, which is does not appear to be, the *Younger* doctrine would also preclude this Court's review. (*See* Doc. 3 at 9-12 (citing *Younger v. Harris*, 401 U.S. 37 (1971) ("Indeed, we are constrained to observe that the court of appeals has previously invoked *Younger* abstention to rebuff similar efforts to invite a federal court to intervene in state bar disciplinary proceedings")). Additionally, the complaint, construed properly as a § 1983 action, would be time-barred as it was filed more than 2 years after the Pennsylvania Supreme Court's order. (*See* Doc. 3 at 13-15 (aggregating cases) ("Here, on the face of this complaint, Mr. Reisinger's § 1983 constitutional claims are plainly time-barred . . . [t]hese claims relate to a nearly 3-year old disbarment order.")).

For the foregoing reasons, as well as those set forth in the R&R, the Court will overrule Plaintiff's Objections, adopt the pending R&R, and dismiss Reisinger's Complaint Requesting the Reinstatement of the Plaintiff's Law License. A separate order follows.

_____
Robert D. Mariani
United States District Judge